**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

|  |  |
|---|---|
| RAFEAL TUNDE SOLEBO EL,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA,<br><br>                    Defendant. | Case No. 2:22-cv-01256-CDS-VCF<br><br>**ORDER**<br><br>Motion to Change Name on the Docket [ECF No. 3] |

Pro se plaintiff Rafeal Tunde Solebo El filed a complaint, but he did not pay the filing fee or file an application to proceed in forma pauperis. ECF No. 1. Plaintiff also filed a motion to change his name on the docket from Rafeal Tunde Solebo El to *King* Rafeal Tunde Solebo El. ECF No. 3.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010).

Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis. I deny plaintiff's motion to change his name on the docket to "King" since the normal presumption is that parties must use their real names.

ACCORDINGLY,

I ORDER that Plaintiff has until Monday, November 7, 2022, to pay the filing fee in full or file an application to proceed in forma pauperis. Failure to comply with this order may result in dismissal of

this case or an order that this case be administratively closed.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 6th day of October 2022.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE